# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 10, 2017

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

152994

EMPLOYERS MUTUAL CASUALTY
COMPANY,
      Plaintiff/
      Counter-Defendant-Appellee,

v

HELICON ASSOCIATES, INC. and ESTATE
OF MICHAEL J. WITUCKI,
      Defendants/Counter-Plaintiffs,
and

DR. CHARLES DREW ACADEMY and
JEREMY GILLIAM,
      Defendants,
and

WELLS FARGO ADVANTAGE NATIONAL
TAX FREE FUND, WELLS FARGO
ADVANTAGE MUNICIPAL BOND FUND,
LORD ABBETT MUNICIPAL INCOME
FUND, INC. and PIONEER MUNICIPAL HIGH
INCOME ADVANTAGE,
      Defendants-Appellants.

SC: 152994
COA: 322215
Wayne CC: 12-002767-CK

_____/

On March 8, 2017, the Court heard oral argument on the application for leave to appeal the December 1, 2015 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, which determined that the plaintiff is entitled to summary disposition on the basis of its insurance policy's "fraud or dishonesty" exclusion. The plaintiff's policy provides coverage for "wrongful act[s]," defined as "[a]ctual or alleged errors," "[m]isstatement[s] or misleading statement[s]," and "[a]ct[s] of omission or neglect or breach of duty by an 'insured' . . . [i]n the discharge of 'organizational' duties." The policy excludes from this coverage, *inter alia*, "[a]ny action brought against an 'insured' if by judgment or adjudication such action was based on a

determination that acts of fraud or dishonesty were committed by the 'insured.' " As the Court of Appeals correctly recognized, this "fraud or dishonesty" exclusion does not eliminate coverage for acts of "[m]ere negligence" by the insured. The Court of Appeals erred, however, by nonetheless concluding that the exclusion barred coverage for the federal consent judgment at issue in this case. The judgment states only that it is "on Plaintiff[s'] claims pursuant to Section 36b-29(a)(2) of the Connecticut Uniform Securities Act," a provision that imposes liability for "untrue statement[s]" and "omission[s]" made both knowingly and negligently. See Conn Gen Stat § 36b-29(a)(2) (imposing liability for, *inter alia*, "offer[ing] or sell[ing] . . . a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading," when the offeror or seller "knew or in the exercise of reasonable care should have known of the untruth or omission"); see also, e.g., *Lehn v Dailey*, 77 Conn App 621, 631 (2003). Consistent with this scope of statutory liability, the "claims" on which the judgment is based comprise allegations of negligent misrepresentations and omissions. Thus, even if this judgment were "based on a determination" for purposes of the "fraud or dishonesty" exclusion, at most it determined that the Connecticut statutory provision had been violated as alleged; it did not determine that any such violation was based on dishonest or fraudulent, rather than merely negligent, misrepresentations or omissions by the insured. Accordingly, the judgment did not amount to "a determination that acts of fraud or dishonesty were committed by the 'insured,' " such that coverage for it was barred by the "fraud or dishonesty" exclusion. We REMAND this case to the Court of Appeals for consideration of the remaining policy exclusions raised by the defendants but not addressed by that court in its initial review of this case.

WILDER, J., took no part in the decision of this case.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 10, 2017



Clerk

d0503